**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
William E. Camy, SBN 291397
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, ROBERT CRAFT, and EVEREST ROBILLARD

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. ROAT, | CASE NO. 2:18-cv-01701-MCE-CKD |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, ROBERT CRAFT, and EVEREST ROBILLARD, | Complaint Filed: 06/11/2018 |
| Defendants. | |

Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, ROBERT CRAFT, and EVEREST ROBILLARD in good faith believe that the document identified in this Stipulated Protective Order contains information that is confidential, sensitive, or potentially invasive of an individual's privacy interests.

## STIPULATION AND PROTECTIVE ORDER

Defendants take the position that the following document is Confidential:

1. Document from Robert Craft's Personnel File titled "Personal/Confidential Information Disclosure Access Log," bates stamped DEF 000153.

**A. DEFINITIONS**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

The following definitions shall apply to this Protective Order:

1.  The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.  "Document" or "Confidential Document" shall mean the Document that Defendants designate as "Confidential" in the manner set forth in this Protective Order, bates stamped DEF 000153.

3.  "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy interests of the Parties and/or health information as determined in good faith by the attorneys representing the Designating Party. Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.  "Defendants" shall mean California Exposition and State Fair, California Exposition and State Fair Police Department, Everest Robillard, and Robert Craft.

5.  "Plaintiff" shall mean Brian Roat.

6.  "Parties" shall mean Plaintiff and Defendants, identified above.

**B.  TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the Confidential Document may be designated as "Confidential" by the CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, ROBERT CRAFT, and EVEREST ROBILLARD and produced subject to the following Protective Order:

1.  The Confidential Document shall be used solely in connection with the civil case <u>Roat v California Exposition & State Fair et al.</u>, Case No. 2:18-cv-01701-MCE-CKD (USDC EDCA) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the document or portions thereof in future proceedings in this case, including trial.

2.  Defendants will designate the Confidential Document as confidential by affixing a

mark labelling it "Confidential."

    3.    The Confidential Document may only be disclosed to the following persons:

    (a)    Mark Merin and Paul Masuhara of THE LAW OFFICES OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiff in the case enumerated above;

    (b)    Carl L. Fessenden and William E. Camy of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

    (c)    Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

    (d)    Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

    (e)    Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

    (f)    The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

    (g)    Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

    4.    If the Confidential Document is filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Document under seal according to Local Rule 141. If permission is granted, the Confidential Document will be filed and served in accordance with Local Rule 141.

    5.    The designation of the Confidential Document as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Document or information contained therein.

    6.    Any party or non-party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the

dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under E.D. Cal. L.R. 141.1 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

    7.    Notwithstanding the provisions of Paragraph 3, the Confidential Document and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

    8.    Should the Confidential Document or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the

recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

9. The Confidential Document shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

10. After the conclusion of this litigation, the Confidential Document will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated: November 20, 2018        PORTER SCOTT
                                A PROFESSIONAL CORPORATION

                                By  */s/ William E. Camy*
                                    Carl L. Fessenden
                                    William E. Camy
                                    Attorneys for Defendants

Dated: November 20, 2018        LAW OFFICE OF MARK E. MERIN

                                By */s/ Paul H. Masuhara* (authorized 11/16/18)
                                    Mark E Merin
                                    Paul H. Masuhara
                                    Attorneys for Plaintiff

**ORDER**

FOR GOOD CAUSE SHOWN, the foregoing Protective Order, requested by stipulation of the parties, is hereby entered.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE