UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. ROAT, | No. 2:18–cv–1701–MCE–CKD |
| Plaintiff, | ORDER |
| v. | (ECF No. 30) |
| CALIFORNIA EXPOSITION & STATE FAIR, et al., | |
| Defendants. | |

This case concerned the alleged violations of plaintiff's constitutional rights by defendants. (ECF No. 1.) Presently before the undersigned is defendants' motion to enforce a settlement agreement. (ECF No. 30.) Plaintiff opposes, asserting the settlement agreement should contain additional language not contained in the parties' draft written agreement. (ECF No. 31.)

After thoroughly reviewing the parties' briefs and considering their arguments, the court concurs with defendants' position, and finds plaintiff's version of the settlement agreement to contain extraneous, unnecessary, and potentially settlement-muddling language. Thus, the court GRANTS defendants' motion to enforce. Further, because plaintiff continued to press his argument after the undersigned informed plaintiff at the February 2020 telephonic hearing that his version would not control, plaintiff is ordered to pay defendants' attorneys' fees and costs associated with bringing this motion.

1

**Background**

On October 24, 2019, the parties agreed to attend a settlement conference before the undersigned. (ECF No. 18.) On December 16, the parties reached a verbal agreement, the settlement was put on the record, and the court ordered dispositional documents entered within 60 days. (ECF No. 25.)

Throughout January and February of 2020, the parties failed to agree on a final document memorializing their oral agreement. (ECF No. 26.) The court scheduled an informal telephonic conference, and the parties provided a joint letter outlining their positions. (See ECF No. 30-2.) In the joint letter, plaintiff contended the final document should contain statements that he believed his rights were violated and that his version of the facts were true. (Id. at 12.) He also wished to include a provision that he would not be barred from seeking legislative change. (Id.) Defendants contended plaintiff's desired fact-recitations (a) were superfluous, given the statement in the draft that defendants were denying liability, and (b) were contrary to the non-disparagement clause elsewhere in the document. (Id. at 14-15.) Further, defendants argued plaintiff's proposed language allowing for legislative action could be construed as allowing plaintiff to bring his Section 1983 claims again—which would defeat the purpose of settlement. (Id. at 15.) The court held an informal settlement conference, found defendants' version of the agreement to adequately reflect the settlement's terms, and ordered the disposition documents be submitted within 14 days. (ECF No. 28.)

On March 19, 2020, Defendants filed a motion to enforce the settlement agreement and set the matter for a May 14, 2020 hearing. (ECF No. 30.) Defendants reasserted their arguments from the February 2020 conference, and note that despite the court's order, plaintiff has refused to sign the court-approved settlement document. On April 30, 2020, plaintiff filed his opposition, wherein he continued to argue his version of the agreement is reasonable. (ECF No. 31.) Plaintiff also noted that defendants' request for attorneys' fees was made by declaration only— lacking an hourly breakdown. (Id.) The court ordered defendants to submit a cost breakdown as to their attorneys' fee request, and on May 8, 2020, defendants did so. (ECF Nos. 32, 33.)

///

**Legal Standard**

A district court has the inherent power to enforce a complete settlement agreement entered into while the litigation is pending before it. In re City of Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1995); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002). It also includes authority to award damages or specific performance. T.N.T. Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) (citations omitted).

At its core, a motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th. Cir. 1989). Therefore, even though the underlying cause of action presented in this litigation is based upon a federal statute, this court applies California law regarding the formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992); see also Harrop v. West. Airlines, Inc., 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).

In California, oral settlement agreements made before the court and oral contracts are enforceable. Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622. "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." Lopez v. Charles Schwab & Co., Inc., 13 Cal. Rptr. 3d 544, 548 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. Civ. Code § 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" Weddington Prod., Inc., v. Flick, 71 Cal. Rptr. 2d 265, 277 (Cal. Ct. App. 1998) (quoting Cal. Civ. Code § 1580).

///

**Analysis**

Here, the parties agreed to the essential terms of the settlement at the December 16, 2019 hearing. (ECF No. 25.) Plaintiff does not dispute this fact. (See ECF No. 31.) Thus, for broad-based purposes, the court reiterates that mutual consent is present, and the parties' oral agreement is enforceable. Doi, 276 F.3d at 1138; Weddington Prod., 71 Cal. Rptr. 2d at 277.

Instead, plaintiff merely wishes to include in the finalized document certain language concerning his beliefs that defendants violated his rights, as well as language detailing his version of the facts. (See ECF No. 30-2 at 12.) Further, he wishes to include a statement that his "full, unrestricted First Amendment rights" are not to be barred by this action, and therefore he will be allowed to pursue future "claims of violations of Constitutional Rights by Defendants." Simply, plaintiff believes his version of the agreement is also reasonable, and contends defendants' lack of argument to be conclusory. (ECF No. 31 at 3.) However, the court has already informed plaintiff (through his counsel) that his proposed language is superfluous and inconsistent with the parties' agreement to settle all claims. As for his ability to maintain his right to fully speak on the case, this clearly contradicts the parties' agreed-upon non-disparagement clause—which outlines what plaintiff may discuss with outside parties. (See ECF No. 30-2 at 6-7.) Plaintiff contends in his briefing that he promises to not disparage defendants, but appears to miss the point that the inclusion of his factual averments does just that. (See ECF No. 30-2 at 13-16 for comparison.) Thus, defendants' motion to enforce is granted.

Further, the court explicitly informed plaintiff (through counsel) at the February 2020 telephonic conference that the draft without his proposed language accurately reflected the parties' oral agreement. (See ECF No. 28.) Despite this ruling and guidance, plaintiff refused to move forward, necessitating defendants' motion to enforce. Plaintiff's actions after the February 2020 conference are willfully disobedient and in bad faith, requiring sanctions. Gomez v. Vernon, 255 F.3d 1118, 1133–34 (9th Cir. 2001) ("A court has the inherent power to sanction a party [] if it acts in willful disobedience of a court order . . . or when the [] party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful[ ] abuse [of the] judicial processes.")

Defendants request $4,280 in attorneys' fees, which they assert covers their costs in having to litigate plaintiff's unreasonable refusal to sign the draft agreement. (ECF No. 33.) This amount is based on their rate of $200 per hour for 21.4 hours. (Id. at 6-7.) The court finds counsels' hourly rate reasonable, but disagrees that all 21.4 hours are sanctionable. The period between February 5 and February 20, 2020, should not be not included, as plaintiff pressed his good-faith argument as to the agreement's language during this time. Therefore, 3.40 hours will not be included in the sanction. (See Id. at 2-3.) However, once the court informed plaintiff that defendants' argument won the day, plaintiff's refusal to sign from that point forward was sanctionable. Thus, defendants' hours spent on this issue from February 27, 2020, forward are recoverable as attorneys' fee sanctions. Thus, the court awards a sanction of $3,600 in attorneys fees, based on 18 hours of work at $200 per hour.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' Motion to Enforce the Settlement Agreement (ECF No. 30) is GRANTED;
2. Exhibit A of Defendants' Motion to Enforce the Settlement Agreement (ECF No. 30-2 at 5-9) reflects the comprehensive terms of the Settlement Agreement. This agreement is enforceable and binding as of the date of this order without any further written agreement;
3. The court retains jurisdiction to enforce the settlement agreement;
4. Defendants' request for sanctions is GRANTED. Plaintiff shall pay Defendants $3,600 in attorneys' fees. Defendants may deduct the amount from the settlement draft before providing it to Plaintiff; and
5. Within 14 days of this order, the parties shall file their dispositional documents.

Dated:  May 14, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

roat.1701